UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 3:09-CV-336

SECURITIES AND EXCHANGE COMMISSION, )
)
Plaintiff, )
)
v. )
)
SIDNEY S. HANSON, CHARLOTTE M. HANSON )
QUEEN SHOALS, LLC, QUEEN SHOALS II, LLC, )
QUEEN SHOALS CAPITAL, LLC, QUEEN SHOALS )
FUND, LLC, QUEEN SHOALS GROUP, LLC, )
QUEEN SHOALS HOLDINGS, LLC, DOMINION )
GROWTH FUND, LLC, DYNASTY GROWTH FUND, )
LLC, HERITAGE GROWTH FUND, LLC, SECURE )
WEALTH FUND, LLC, SELECT FUND, LLC and )
TWO OAKS FUND, LLC, )
)
Defendants. )

## ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF

Plaintiff Securities and Exchange Commission having filed a Complaint in this matter and Defendants Sidney S. Hanson; Charlotte M. Hanson; Queen Shoals, LLC; Queen Shoals II, LLC; Queen Shoals Capital, LLC; Queen Shoals Fund, LLC; Queen Shoals Group, LLC; Queen Shoals Holdings, LLC; Dominion Growth Fund, LLC; Dynasty Growth Fund, LLC; Heritage Growth Fund, LLC; Secure Wealth Fund, LLC; Select Fund, LLC; and Two Oaks Fund, LLC (collectively, the "Defendants") having entered a general appearance; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Order Freezing Assets and Granting Other Relief ("Order Freezing Assets") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Order Freezing Assets:

NOW THEREFORE:

I.

IT IS HEREBY ORDERED that until further order of this Court:

(i) Defendants and their agents, servants, employees, attorneys, successors-in-interest, and all persons in active concert or participation with them who receive actual notice of this Order Freezing Assets by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever, by any of them or any person or entity under their direct or indirect control, any funds or other assets presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such funds or other assets may presently exist and wherever located;

(ii) Any bank, savings and loan, mutual fund, or other financial or brokerage institution (including, without limitation, Bank of America) or other person or entity located within the territorial jurisdiction of the United States courts that (i) holds any funds, accounts or other assets in the name, for the benefit or under the control of any of the Defendants, or for which any of the Defendants is a signatory or has signing authority, and (ii) receives actual notice of this Order Freezing Assets by personal service or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer or other disposal of any funds or other assets in such accounts; and

(iii) The terms set forth in the Supplemental Order To Statutory Restraining Order ("Supplemental Order") (Doc. No. 13), in *U.S. Commodity Futures Trading Commission v. Queen Shoals, LLC, et al.*, Case No. 3:09CV335, related to funds for the payment of living expenses and attorneys fees of Defendants Sidney S. Hanson and Charlotte M. Hanson, are incorporated herein by reference. Nothing in this Order shall be deemed to conflict with the terms of the Supplemental Order.

II.

IT IS FURTHERED ORDERED that any bank, savings and loan, mutual fund, other financial or brokerage institution (including, without limitation, Bank of America), or any other person, partnership, or corporation maintaining or having custody or control of any brokerage or deposit account or other assets in the name, for the benefit or under the control of any of the Defendants, and that receives actual notice of this Order Freezing Assets by personal service or otherwise shall, *within three business days* of receipt of that notice, serve on counsel for the Commission a statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice. Service of such statement on counsel for the Commission shall be by express courier service or telefax directed to Erica Y. Williams, Esquire, at the Securities and Exchange Commission, 100 F St., N.E., Washington, DC 20549- 4010, telephone number (202) 551-4450, telefax number (202) 772-9245.

III.

IT IS FURTHER ORDERED that the Defendants and all persons or entities acting at their direction or on their behalf are hereby enjoined and restrained from destroying, altering,

concealing, or otherwise interfering with the Commission's access to any and all documents, books, and records in the possession, custody, or control of the Defendants, their agents, officers, employees, servants, accountants, financial or brokerage institutions, or attorneys relating to the assets of the Defendants or to the allegations of the Complaint, including but not limited to documents relating to the business operations of the Defendants, the offer or sale of securities, and the use of investor funds.

IV.

IT IS FURTHER ORDERED that:

(a)     The Defendants, their creditors, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order Freezing Assets by personal service, facsimile service, or otherwise, are restrained and enjoined from filing a voluntary or involuntary petition in bankruptcy or any proceeding seeking liquidation on behalf of or against the Defendants, without first seeking leave from this Court, with at least twenty-four (24) hours notice to the Commission. Leave shall be granted only after a hearing before this Court and upon such conditions as necessary to protect this Court's jurisdiction over the subject matter of this action; and

(b)     no creditor of or claimant against the Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the control, possession, or management of the assets frozen pursuant to this Order Freezing Assets, nor interfere in any way with the exclusive jurisdiction of this Court over the assets frozen pursuant to this Order Freezing Assets.

V.

IT IS FURTHER ORDERED that commencing with the time and date of this Order Freezing Assets, the Defendants and the Commission may immediately begin conducting discovery in accordance with the time periods, notice provisions, and other requirements of Rule 26 (except for the provision in Rule 26(d) preventing discovery until after the parties have conferred as required by Rule 26(f)), and Rules 30, 33, 34 and 36 of the Federal Rules of Civil Procedure.

Signed: September 3, 2009

Robert J. Conrad, Jr.
Chief United States District Judge